United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
David W. Steele,                                                Case No. 04-70905-R
        Debtor.                                        Chapter 7
_____/

Michael A. Stevenson, Trustee,
        Plaintiff,

v.                                                              Adv. No. 05-5539

Jacqueline Steele and Asok Roy,
        Defendants.
_____/

Opinion Regarding Cross-Motions for Summary Judgment

On August 27, 2001, David and Jacqueline Steele purchased a 2001 Aston Martin from Jaguar-Saab of Troy. On September 7, 2001, title to the vehicle was issued showing Jaguar Credit as the first secured party.

On July 29, 2003, Asok Roy loaned David Steele $50,000. The parties executed a promissory note in the amount of $60,000 on August 28, 2003. On August 29, 2003, Roy filed an application for vehicle title with the Secretary of State seeking to add himself as a secured party. However, Roy was not added. On November 18, 2003, a second application for vehicle title seeking to add Roy as a secured party was filed. Roy was still not added to the title.

On June 25, 2004, the Michigan Department of State, Bureau of Driver & Vehicle Records, sent a letter to Jacqueline and David Steele advising them that the title to the Aston Martin should show the

second lienholder as Asok K. Roy. The letter instructed the Steeles to return the title to the Bureau's office for correction.

On April 16, 2004, David Steele filed for bankruptcy protection. He did not list any interest in the Aston Martin vehicle on his schedules. On August 4, 2005, the trustee filed this adversary complaint against Jacqueline Steele and Asok Roy to recover and sell the vehicle. The trustee alleges that the debtor is the true owner of the vehicle and that any security interest asserted by Roy is avoidable. The trustee and Roy have filed cross-motions for summary judgment as to the validity of Roy's security interest. For the reasons stated herein, the trustee's motion is denied, and Roy's motion is granted.

## II.

The trustee contends that Roy's security interest was not properly perfected prior to the filing of the bankruptcy petition because the title never showed his lien. The trustee asserts that the August 29, 2003 application was returned as defective. The trustee argues that a third party buyer of the vehicle would not have known of the existence of Roy's lien because a search of the vehicle records did not indicate that Roy had a lien.

The trustee also asserts that the title applications submitted by Roy were not properly completed. The trustee contends that the Steeles failed to sign the August 29, 2003 application and that there are no signatures on the November 18, 2003 application.

Roy contends that he does maintain a valid and perfected security interest in the debtor's vehicle. He contends that the Secretary of State's office erroneously failed to note his lien on the title to the vehicle. Roy asserts that this fact is noted on the Secretary of State's internal records. Further, Roy asserts that

the reissued title reflects Roy's lien and indicates that the filing date was August 29, 2003.

III.

M.C.L. § 257.238 provides:

> (a) Certificate of title. When an owner named in a certificate of title creates a security interest in the vehicle described in such certificate or in any accessory thereon:
>
> > (1) The owner shall immediately execute an application in the form prescribed by the department to name the holder of the security interest on the certificate of title, showing the name and address of such holder and deliver the certificate of title, application and the required fee together with a copy of such application which need not be signed, to the holder of the security interest.
> >
> > (2) The holder of the security interest shall cause the certificate of title, application and fee and the copy of such application to be mailed or delivered to the department.
> >
> > (3) The department shall indicate on the copy of such application the date and place of filing of the application and return said copy to the person presenting the same.
> >
> > (4) Upon receipt of the certificate of title, application and the required fee the department shall issue a new certificate in the form provided by section 222 setting forth the name and address of each holder of a security interest in the vehicle or in any accessory thereon for which a termination statement has not been filed and the date on which the application first stating such security interest was filed, and mail the certificate to the owner.

M.C.L. § 257.238 (footnote omitted).

3

In interpreting this statute, the court in *Frank v. Second Nat'l Bank of Saginaw* (*In re Gilbert*), 82 B.R. 456 (Bankr. E.D. Mich. 1988), stated, "Michigan . . . is among the jurisdictions which do not require notation on the certificate of title to perfect a security interest, as long as the applicant is without fault in preparation and tender of the necessary forms." *Id.* at 460.

The trustee contends that the August 29, 2003 application for title was returned as defective. There is no evidence of that. The trustee also argues that the application was not properly filed because it was not signed by the vehicle owner. However, the statute specifically states that the owner's signature is not required. Accordingly, the trustee's motion for summary judgment is denied.

As noted above, on June 25, 2004, the Bureau of Driver & Vehicle Records sent a letter to the Steeles advising them that the title on the vehicle should show the second lien holder as Asok Roy. The letter instructed them to return the title for correction. The internal records from the Bureau for June 17, 2004, state "film shows title 299P3220162 was processed for correction and for whatever reason only 1 lien was put on but they used docum from 131P2410653. our error. advised to send title in and we'll do another w/2 liens."[1] (See Plaintiff's Brief, Ex. 5A at 12.)

The only logical inferences from the Bureau's documents are that at least one of the title applications were properly filed and that the error in not listing Roy's lien was the Bureau's error. Under *Gilbert*, the Court concludes that Roy holds a perfected security interest in the vehicle. Accordingly, Roy's motion for summary judgment is granted and the trustee's motion is denied.

---

1. 131P2410653 is the August 29, 2004, title application. 299P3220162 is the November 18, 2004, title application.

Not For Publication

**Entered: March 16, 2006**

 /s/ Steven Rhodes
**Steven Rhodes
Chief Bankruptcy Judge**